## STATE v GRIFFITH

Ohio Appeals, 2nd Dist, Franklin Co

No 2811. Decided Mar 21, 1938

Ralph G. Bartle.t, Columbus, Prosecuting Attorney, and Edmund B. Paxton, Columbus, Asst. Pros. Atty., for Appellee.

L. P. Henderson, Columbus, for Appellant.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on motion of appellee to dismiss appellant's appeal on the claimed ground that appellant failed to file notice of appeal as provided by law.

The motion must be sustained for several reasons. One paramount reason of substance is the fact that the transcript of docket and journal entries contains no final order upon which appellant could predicate his appeal.

The only judgment presented through the transcript of the docket and journal entries is a judgment of dismissal of the State's case. Of course this is an adjudication favorable to the defendant and for that reason presents no predicate for appeal on the part of the defendant. Through the oral argument we ascertained that two criminal cases were filed in the Court of Common Pleas, Domestic Relations, against the defendant, William Griffith, one being No. 12489 and the other No. 12521. In case No. 12489, the defendant filed a mo'ion to quash the affidavit upon the claimed reason that the affidavit for which the warrant for arrest was obtained did not state an offense against the defendant. Thereafter, as heretofore stated, the cause was dismissed. From the oral argument we further learn that in cause No. 12521 trial was had to a jury, verdict of guilty returned and sentence imposed by the court.

Through inadvertence, no doubt, the defendant gave notice of appeal in case No. 12489 and not in case No. 12521. Following the notice of appeal counsel for defendant filed a precipe with the County Clerk in No. 12489, requesting that transcript of the docket and journal entries, together with the original papers issue to the Court of Appeals of Franklin County, Ohio.

The Clerk in the Division of Domestic Relations filed the original papers in case No. 12489 as requested in the precipe.

The transcript of the docket entries, while listed as being in case No. 12489, apparently was the transcript of docket entries from cause No. 12521. No transcript of journal entries was presented at all except as contained with the original papers. This was the final entry in No. 12489 dismissing the case. In addition there was also filed a bill of exceptions which purports to be in cause No. 12521.

From the oral statements of counsel and the record it is not difficult to determine what was intended to be done.

However there are certain essentials requisite to give this Court jurisdiction to determine a case on review. One of the essentials is a judgment entry which constitutes a final order. As heretofore stated,

the transcript of docket and journal entries does not contain the final judgment from which no doubt appellant intended to appeal, and for that reason we have no jurisdiction to determine the case.

As an aid to counsel in future litigation we might also call attention to the fact that the notice of appeal is defective. In particulars other than giving the case the wrong number. This notice, omitting the formal parts, reads as follows:

"Notice is hereby given that an appeal will be perfected in the Court of Appeals of Franklin County, Ohio, within the period designated by law by the defendant herein upon questions of law and fact raised by the proceedings in the Juvenile Branch of the Common Pleas Court of Franklin County, Ohio, to which rulings and judgments the defendant at said time excepted and still excepts."

In an action of this character a proper notice of appeal would be substantially as follows:

Defendant hereby gives notice of appeal to the Court of Appeals of Franklin County on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio, Division of Domestic Relations, said judgment being entered May 14, 1937.

The notice as given was defective in the following particulars: It is improper to state that an appeal will be perfected in the Court of Appeals, although this would not be vital if the notice was proper in other particulars.

The instant case was an action of law and not one in equity and hence the notice of appeal should state that it is an appeal upon question of law. Appeals on questions of law and fact are only proper in chancery cases. This Court, with one member dissenting, has determined that it will not dismiss by reason of the improper designation but will by order determine that the cause may not be determined as an appeal on question of law and fact but would be held as an appeal on question of law, and therefore fix the time within which a bill of exceptions may be filed. The notice of appeal is also defective in that it does not designate the judgment appealed from as required under §12223-5, GC.

Sec 12223-1, GC, Sub 2, defines appeals on questions of law and Subdivision 3 defines appeal on questions of law and fact. Our court has also determined that we will not dismiss for failure to designate the judgment appealed from in cases where it is apparent that there is but one final order from which such appeal might be taken.

It should be understood that the leniency of this Court, in retaining the cases where notices of appeal are defective is not concurred in in all other jurisdictions and hence the question is still in controversy and will be until such time as the Supreme Court of Ohio makes a determination.

For this reason counsel should make an effort to comply with the letter of the law.

We also call attention to the fact that actions for delinquency and kindred offenses come within the provisions of §1668, GC and in giving notice of appeal that section must be complied with. This Section 1668 was enacted at the same time as the other pertinent sections contained in the new Procedural Act and hence all sections are considered **pari materia.**

While we have no right to consider the bill of exceptions in the instant case, yet we have read same. It may be comforting to counsel to know that even if appellant's case was properly in this court we would not be warranted in reversing, but would be compelled under the state of the record to affirm the trial court.

Entry may be presened sustaining motion to dismiss the appeal and costs will be adjudged against the appellant.

HORNBECK and GEIGER, JJ, concur.